KLIEBERT, Chief Judge.
This matter originated as a suit for a separation filed by Mary Elizabeth Graham Winn against her husband, Thomas Pryor Winn, on December 8, 1987. After considerable court appearances with respect to such ancillary matters as child custody, support, visitation, etc., a petition was filed by Mrs. Winn on October 27, 1988 wherein she sought judgment “decreeing that there be an accounting and liquidation of the community property held between them, in the proportion of a one-half interest to each.”
Following the filing of descriptive lists of assets and other pleadings, a hearing was held which consumed three days and which resulted in a judgment dated June 21, 1990, the decretal portion of which reads as follows:
“IT IS ORDERED that the State tax refund in the amount of $1,735 be divided equally between the parties.
IT IS FURTHER ORDERED that the Federal Tax Refund in the amount of $10,788 be divided equally between the parties.
IT IS FURTHER ORDERED that the proceeds from the property damage settlement from Shell in the amount of $8,983.50 be divided equally between the parties.
IT IS FURTHER ORDERED that Thomas Pryor Winn pay Mary Graham Winn the sum of $4,082, representing her ½ interest in surgical instruments in his possession.
IT IS FURTHER ORDERED that Thomas Pryor Winn pay Mary Graham Winn the sum of $6,300, representing her ¾⅛ interest in his IRA.
IT IS FURTHER ORDERED that Mary Graham Winn pay Thomas Winn the sum of $3,500, representing his ½ interest in her IRA.
IT IS FURTHER ORDERED that Thomas Winn pay Mary Graham Winn the sum of $18,500, representing her ½ interest from the sale of “Tommy Winn & Associates, Inc.”
IT IS FURTHER ORDERED that the partition of the Condominium located at 18-E Rue Chardonnay, Kenner, La. be deferred pending furnishing of proof of value thereof.
IT IS FURTHER ORDERED that Thomas Winn pay to Mary Graham Winn the sum of $10,130.10, representing her ⅝ interest in the condominium rental.
IT IS FURTHER ORDERED that the loan from Whitney National Bank is not a community debt.
IT IS FURTHER ORDERED that Thomas Winn is denied reimbursement for repairs made to the condominium.
IT IS FURTHER ORDERED that Mary Graham Winn pay to Thomas Winn the sum of $401.08, representing her ¾⅛ indebtedness on the Hurwitz-Mintz- bill paid by him.
IT IS FURTHER ORDERED that Mary Graham Winn pay Thomas Winn the sum of $81.42, representing her ½ indebtedness on the Sears bill.
IT IS FURTHER ORDERED that Mary Graham Winn pay Thomas Winn the sum of $1,085, representing her ½ indebtedness on the Condominium mortgage payments.
IT IS FURTHER ORDERED that Mary Graham Winn pay Thomas Winn the sum of $315, representing her ⅝ indebtedness on the house note.
IT IS FURTHER ORDERED that Mary Graham Winn pay Thomas Winn the sum of $522.41, representing her ½ indebtedness to Chardonnay Condominium Association.
IT IS FURTHER ORDERED that Mary Graham Winn pay Thomas Winn the sum of $1,933.78, representing her ½ indebtedness for the condominium assessment fees.
IT IS FURTHER ORDERED that the costs of these proceedings be divided equally between the parties.”
Following the handing down of the above judgment, counsel for Mr. Winn applied for a new trial which was granted, but restricted to re-argument only as to limited matters. This resulted in a judgment dated November 30, 1990 which reads as follows:
*1139 “The judgment is amended in two particulars:
Its award of $10,130.10 to Mary Graham Winn as her half of condominium rentals is recalled as a duplicate recovery; and
Its omission to award Thomas Winn half of the $9,000 initial Whitney loan plus half the interest thereon is remedied by the award of $5,200.13.
As thus awarded the judgment is reinstated, but it is further held in abeyance so that the amended judgment as a whole becomes subject to the delays for appeal applicable to these amendments.”
Counsel for Mrs. Winn moved for and was granted a devolutive appeal from the judgment of November 30, 1990. Counsel for Mr. Winn moved for and was granted a suspensive appeal from the judgments of June 21, 1990 and November 30, 1990. As Mr. Winn has not filed a brief within the time prescribed by Rule 2-12.7 of the Uniform Rules — Courts of Appeal, nor responded within thirty days of the notice sent him in accordance with Rule 2-8.6 of the Uniform Rules, his appeal is dismissed as abandoned. Thus, only Mrs. Winn’s de-volutive appeal of the November 30, 1990 judgment is before us.
The plaintiff wife asserts, principally, two assignments of error. The first is that as the husband had the use and control of the monies from the tax refund as well as those from the Shell Oil Company property settlement, his “fiduciary obligation to Mrs. Winn ...” required that “he should pay her one-half of the interest the monies should have accrued when deposited in a savings account.”
The second assignment asserts that the ordering of Mrs. Winn to pay Mr. Winn the $1,085.00 representing her one-half indebtedness on the condominium mortgage payments and the ordering her to pay one-half of the condominium assessment fee is premature as “the value of this community asset, the condominium unit, has been deferred to a later date.”
In connection with the latter argument, counsel for Mrs. Winn points to that provision of the judgment, quoted above, which does defer the actual partitioning of this article of community property. In this connection, with regard to the condominium, the lower court, in its reasons for judgment, specifically provides:
“(8). CONDOMINIUM LOCATED AT 18-E RUE CHARDONNAY
Mr. Winn asserts that the approximate fair market value of the condominium is $64,000 and the approximate mortgage balance is $85,000.
The parties have not established the value of the condominium, nor have they provided current figures for the outstanding balance due on the mortgage. Partition of this asset will be deferred pending the furnishing of specific values to the Court.”
It is readily apparent from the foregoing that Mrs. Winn did not appeal from the judgment of which she complains (that of June 21, 1990). Further, neither that judgment, nor the one from which she did appeal (November 30, 1990) nor the two of them combined if an appeal had been taken from both, constitute a final judgment from which an appeal can be taken under Code of Civil Procedure Article 2083 for the obvious reason that the status of a valuable asset, i.e., the condominium, has not been adjudicated. Hence, the appeal must be dismissed and the case remanded for further proceedings. See Estrada v. Estrada, 544 So.2d 551 (5th Cir.1989).
Costs are to be borne equally by both parties,
DISMISSED AND REMANDED.